**D'ARCAMBAL OUSLEY & CUYLER BURK LLP**
Four Century Drive, Suite 250
Parsippany, NJ 07054
(973) 734-3200
(973) 734-3201
By: Nada Peters, Esq.
Attorneys for Defendant, Wal-Mart Stores East, LP
(improperly pled as Walmart of Kearny)

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| IDA PADILLA,<br><br>Plaintiff,<br><br>vs.<br><br>WALMART OF KEARNY AND JOHN DOE I-III,<br><br>Defendants. | CIVIL ACTION NO. 2:21-CV-2460<br><br>NOTICE OF REMOVAL |

Defendant, Wal-Mart Stores East, LP (improperly pled as Walmart of Kearny) ("Defendant"), by and through its undersigned counsel, for the purpose of removing this cause from the Superior Court of New Jersey, Law Division, Hudson County, New Jersey, to the United States District Court for the District of New Jersey pursuant to 28 U.S.C. § 1441, respectfully submit this Notice of Removal pursuant to 28 U.S.C. § 1446. By way of providing the Court with the basis for Defendant's request for removal, Defendant respectfully submits the following short and plain statement of the grounds for removal, together with a copy of all process, pleadings and orders provided to Defendant in this action:

1. <u>State Court Action</u>.   Plaintiff, Ida Padilla ("Plaintiff"), filed the above-captioned action against Defendant in the Superior Court of New Jersey, Law Division, Hudson County, New Jersey, on or about September 22, 2020, in a matter pending as docket number HUD-L-3393-

20. Copies of all process, pleadings, and orders served upon Defendant are attached hereto as **Exhibit A** in accordance with 28 U.S.C. § 1446(a). A copy of the Answer filed in this action on December 18, 2020 by Defendant is attached hereto as **Exhibit B**.

2. <u>Allegations in the Complaint</u>. In the Complaint, Plaintiff asserts a claim for negligence against Defendant stemming from the allegation that Plaintiff was injured when she slipped and fell on plastic wrapping and debris at a Walmart store in Kearny, New Jersey on May 25, 2019 and as a result, suffered permanent injuries. The Complaint does not specify the nature of Plaintiff's alleged injuries and/or the amount of damages being claimed.

3. <u>Defendants</u>. Other than fictitious defendants, Plaintiff has named no defendants other than Wal-Mart Stores East, LP.

4. <u>Federal Court Subject Matter Jurisdiction</u>. 28 U.S.C. § 1441(a) provides the basis for removal jurisdiction to this Court as this is a state court action over which this Court has original jurisdiction under 28 U.S.C. § 1332 (diversity of citizenship). 28 U.S.C. § 1332 confers subject matter jurisdiction over cases in which there is complete diversity between Plaintiff and Defendant, and in which the amount in controversy equals or exceeds $75,000.00.

Defendant operates the subject store where the incident at issue allegedly occurred. Defendant, Wal-Mart Stores East, LP, is a limited partnership organized and existing under the laws of Delaware, of which WSE Management, LLC, a Delaware limited liability company, is the general partner, and WSE Investment, LLC, a Delaware limited liability company, is the limited partner. The sole member of WSE Management, LLC and WSE Investment, LLC is Wal-Mart Stores East, LLC, an Arkansas limited liability holding company with its principal place of business located in Arkansas. Walmart Inc. is the sole member of Wal-Mart Stores East, LLC.

Walmart Inc. is a corporation organized and existing under the laws of Delaware with its principal place of business in Arkansas. According to the Complaint, Plaintiff is a citizen of New Jersey.

Furthermore, this Court has diversity jurisdiction because the amount in controversy exceeds $75,000. More specifically, Plaintiff has served a Statement of Damages in this matter in the amount of $250,000. (See Plaintiff's Statement of Damages dated January 13, 2021, attached hereto as **Exhibit C**.)

Accordingly, for the reasons set forth above, Defendant respectfully submits that this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332, as the properly joined parties are of diverse citizenship and Plaintiff's claims meet the jurisdictional limit of $75,000.00.

5.   Timely Filing.  A copy of the Summons and Complaint was served on Defendant at the subject store on or about September 23, 2020. Defendant disputes that service upon them in this manner via the store is proper and/or that service was properly effected. Nevertheless, this case was not initially removable insomuch as it was not clear based on the vague allegations in the Complaint if damages exceeding $75,000 were being alleged. On December 18, 2020, Defendant filed and served Plaintiff with an Answer to the Complaint, which contained a request that Plaintiff provide a Statement of Damages. On or about January 13, 2021, Plaintiff served her Statement of Damages notifying Defendant for the first time that damages exceeding $75,000 are being claimed and therefore, the filing of this Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b)(3) insomuch as it is filed within thirty (30) days of receipt of the Statement of Damages by Defendant. See Rahwar v. Nootz, 863 F. Supp. 191 (D.N.J. 1994) (finding that Statement of Damages qualifies as "other paper" as contemplated by 28 U.S.C. § 1446(b)(3)).

6. <u>State Court Documents Attached</u>.  A copy of all process, pleadings and orders received and/or filed by Defendant in this case are attached hereto as **Exhibits A-B**.

7. <u>Proper Venue</u>.  Venue for removal is proper in this district because this is the district embracing the Superior Court of New Jersey, Law Division, Hudson County, New Jersey, the forum in which the removed action was pending.

8. <u>Notice to Plaintiff and State Court</u>.  Promptly upon filing this Notice of Removal with this Court, Defendant, through its undersigned counsel, will give written notice hereof to Plaintiff, per her counsel, and will file a copy of this Notice of Removal with the Clerk of the Superior Court of New Jersey, Law Division, Hudson County, New Jersey.

9. <u>Relief Requested</u>. Defendant respectfully gives notice that this action is to be removed from the Superior Court of New Jersey, Law Division, Hudson County, New Jersey to the United States District Court for the District of New Jersey.

WHEREFORE, Defendant, Wal-Mart Stores East, LP (improperly pled as Walmart of Kearny), hereby removes this action, currently pending as Docket Number HUD-L-3393-20 in the Superior Court of New Jersey, Law Division, Hudson County, New Jersey.

Dated:  February 12, 2021                             Respectfully submitted,

 /s/ Nada M. Peters
Nada M. Peters, Esq.
**D'ARCAMBAL OUSLEY & CUYLER BURK, LLP**
Four Century Drive | Suite 250
Parsippany, New Jersey 07054
Tel.: 973.734.3200
Fax: 973.734.3201
Email: npeters@darcambal.com
Attorneys for Attorneys for Defendant, Wal-Mart Stores East, LP (improperly pled as Walmart of Kearny)

## LOCAL CIVIL RULE 11.2 VERIFICATION

Other than the action filed in the Superior Court of New Jersey, Law Division, Hudson County, which is the subject of this Notice of Removal, the matter in controversy, to the best of the Attorneys for Defendant, Attorneys for Defendant, Wal-Mart Stores East, LP (improperly pled as Walmart of Kearny), knowledge, information and belief, is not the subject of any other action pending in any court, or of any other pending arbitration or administrative proceeding.

Dated:  February 12, 2021                    /s/ Nada M. Peters
                                             Nada M. Peters, Esq.